## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:07-CV-2-TLS |
| | ) |
| Keltec Pistol, Model P-11, 9 caliber, ser. # A6N85; | ) |
| Taurus Pistol, Model PT 911, 9 caliber, ser. # TXC52496; | ) |
| Lorcin Pistol, Model L380, 380 Caliber, ser. # 480510; | ) |
| Hipoint Pistol, Model C9, 9 caliber, ser. # P1288585; | ) |
| Taurus Pistol, Model PT24/7, 380 caliber, ser. # SYB61798) | |
| Cobra Pistol, Model CA32, 32 caliber, ser. # CP009303 | ) |
| Masterpiece Pistol, Model MPA93OT-A, | ) |
| 9 caliber, ser. # F0870, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On January 3, 2007, the government filed a Verified Complaint in Rem pursuant to 18 U.S.C. § 924(d)(1). Under this statute, any firearm involved in a violation of certain federal statutes is subject to seizure and forfeiture. On January 3, John O. Jones was served with direct notice of the government's action because the firearms at issue were seized from him. On February 2, 2007, John Jones-El, as an agent for John Jones, filed an answer and counterclaim. This matter is before the Court on the Magistrate Judge's Report and Recommendation [DE 28] to strike the answer and counterclaim and to enter default judgment in favor of the United States, filed on August 7, 2007. A copy of the Magistrates's Report and Recommendation was mailed to Jones-El and the docket does not reveal any deficiency in the service.

This Court's review of the Magistrate's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C) which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

The statute also requires objections to the Magistrate's Report and Recommendations to be made within ten days of service of a copy of the Report. *Id.* § 636(b)(1)(C).

Because Jones-El has not filed any objections to the Magistrate's Report, de novo review is not required.  The Court finds that the Magistrate correctly resolved the issues raised by Jones-El's failure to appear for status conferences on June 22, 2007, and August 3, 2007. Therefore, the Court accepts the Magistrate's recommendation to strike Jones-El's answer and counterclaim pursuant to Rules 16(f) and 41(b). Because the Rules of Civil Procedure also contemplate default judgment as an appropriate sanction against an offending party and because Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Rule 55 contemplate default judgment for failure to file a claim and answer within the thirty-five days that the notice of in rem action is sent, the Magistrate was also correct to recommend default judgment in favor of the government. Therefore, the Court sets a telephone conference to discuss final resolution of the government's in rem action.

## CONCLUSION

For the foregoing reasons, the Magistrate's Report and Recommendation [DE 28] is ACCEPTED and the answer [DE 15] and counterclaim [DE 16] of Jones-El are STRICKEN. The Court sets a telephonic status conference with the government for Thursday, September 6, 2007, at 11:00 AM before Judge Theresa L. Springmann to discuss final resolution.

2

SO ORDERED on August 30, 2007.


 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION